IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

EARL BERNARD BLASINGAME AND
MARGARET GOOCH BLASINGAME,
AS CO-TRUSTEES AND ON BEHALF
OF BLASINGAME FAMILY BUSINESS
INVESTMENT TRUST,

    Plaintiffs,

v.  No. 15-1038

CHURCH JOINT VENTURE, L.P. AND
THE CADLE COMPANY,

    Defendants.
_____

ORDER DENYING DEFENDANTS' MOTION TO CONSOLIDATE AND REFERRING
PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL
_____

Before the Court is a motion to consolidate, pursuant to Rule 42 of the Federal Rules of Civil Procedure, brought by the Defendants, Church Joint Venture, L.P. and The Cadle Company (collectively "Defendants"). (Docket Entry ("D.E.") 13.) Plaintiffs, Earl Bernard Blasingame and Margaret Gooch Blasingame, as co-trustees and on behalf of the Blasingame Family Business Investment Trust (collectively "Plaintiffs" or "Trust"), have responded in opposition. (D.E. 17.) For the reasons discussed below, the motion is DENIED.

*Background*

**I.**     <u>Bankruptcy Case No. 08-28289-L</u>

On August 15, 2008, Earl and Margaret Blasingame filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Tennessee. (*In re Earl Bernard Blasingame and Margaret Gooch Blasingame*, No. 08-28289-L (Bnkrpty. W.D. Tenn.)). On

September, 29, 2009, an adversary action was brought by several parties, including Church Joint Venture, seeking to recover property of the estate and to object to the discharge of the estate's debts. These parties also brought claims against several non-debtor defendants, including the Trust. On February 22, 2011, the bankruptcy court denied the estate's discharge pursuant to 11 U.S.C. § 727(a)(4)–(5).

On October 19, 2011, the bankruptcy court approved the sale of the Chapter 7 trustee's claims and causes of action on behalf of the estate to Church Joint Venture. On April 6, 2012, the non-debtor defendants moved to dismiss the claims brought against them, contending that the bankruptcy court no longer had jurisdiction as the trustee was no longer a party. On July 30, 2012, the bankruptcy court recommended that the claims against the non-debtor defendants be dismissed. On October 23, 2012, Church Joint Venture requested that the district court adopt the recommendation so that it could refile in the proper forum. On November 5, 2012, the district court adopted the recommendation and dismissed the claims against the non-debtor defendants.

II. **Civil Case No. 12-2999-SHM-tmp ("Western Division Action")**

On November 16, 2012, Church Joint Venture filed a complaint in the United States District Court for the Western District of Tennessee, Western Division, against the Blasingames, their children, Katherine Blasingame Church and Earl Bernard "Ben" Blasingame, Jr., the Blasingame Family Business Investment Trust, the Blasingame Family Residence Generation Skipping Children Trust, the Blasingame Trust, Flozone Services, Inc., Fiberzone Technologies, Inc., GF Corporation, Blasingame Farms, Inc., and Aqua Dynamics Group Corporation. (*Church Joint Venture v. Earl and Margaret Blasingame, et al.*, No. 12-2999-SHM-tmp (W.D. Tenn.), D.E. 1.) Church Joint Venture filed an amended complaint on June 14, 2013, seeking a

declaratory judgment that the trusts and corporations are the alter egos of the Blasingames and were used to conceal their personal assets from creditors, an order setting aside certain transfers as fraudulent, an injunction to prevent further waste, an accounting, and attorney's fees. (*Id.*, D.E. 81.) A motion to dismiss/motion for summary judgment is currently pending.

### III. Civil Case No. 15-1038-JDB-egb ("Eastern Division Action")

Plaintiffs filed this action in the Circuit Court of McNairy County, Tennessee on February 10, 2015, which Defendants removed to this Court on February 23, 2015. (D.E. 1.) The Trust brought state law claims arising out of Defendants' filing of a lis pendens against all of the land and property it owned in McNairy County, Tennessee. (*Id.*) Defendants seek to consolidate the Western and Eastern Division actions pursuant to Rule 42 of the Federal Rules of Civil Procedure.

*Law and Analysis*

### I. Motion to Consolidate

Rule 42 of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The purpose behind consolidating actions is to "administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting Charles A. Wright & Arthur R. Miller*, 9 Federal Practice and Procedure*, § 2381 (1971)). "The party moving for consolidation bears the burden of demonstrating the commonality of law, facts or both in cases sought to be combined[.]" *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011) (citing *Young v. Hamric*, No. 07-12368, 2008 WL 2338606, at *4 (E.D. Mich. June 4, 2008)).

This is only a threshold inquiry, and even after a common question has been shown, "the decision to consolidate rests in the sound discretion of the district court." *Id.* (citations omitted). The court should weigh "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Id.* (internal quotation marks omitted) (citation omitted). The court also should consider "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.* at 571–72 (citation omitted).

Here, Defendants request that the Western and Eastern Division actions be consolidated because "[t]he factual basis for the contention that the lis pendens [was] improperly recorded lies within the context and framework of the Alter Ego/Fraud Action." (D.E. 13 at 2.) However, they fail to explain what legal or factual questions are common to both actions such that consolidation would be appropriate. A conclusory statement that "[t]he facts and legal issues involved in the Alter Ego/Fraud Action are inextricably intertwined with and will be necessary to establish, involve and relate to the claims in the instant Action involving and requesting declaration and damages with respect to wrong filing of the lis pendens," (*id.* at 3), is insufficient to demonstrate common legal or factual questions. Defendants do not explain how the factual and legal issues arising from the lis pendens filed in McNairy County, Tennessee are related to the claims pending in the Western Division action. There is also a risk of confusion and prejudice if the two matters were consolidated, since the Western Division action has been

pending for a longer period and contains additional parties and different legal claims. Accordingly, the motion is DENIED.

## II. Motion to Disqualify Defense Counsel

Also before the Court is Plaintiffs' motion to disqualify Defendants' attorney, Bruce W. Akerly. (D.E. 19.) This motion is referred to the United States Magistrate Judge for determination, and/or report and recommendation. Any objections to the Magistrate Judge's order and/or report shall be made within fourteen days after service of the order and/or report, setting forth particularly those portions of the order and/or report objected to and the reasons for the objections. *See* Fed. R. Civ. P. 72.

*Conclusion*

Defendants' motion to consolidate is DENIED and Plaintiffs' motion to disqualify counsel is REFERRED to the Magistrate Judge.

IT IS SO ORDERED this 29th day of June, 2015.

          s/ J. DANIEL BREEN
          CHIEF UNITED STATES DISTRICT JUDGE